**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4106

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLINTON KENT FRENCH,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:17-cr-00671-CMC-1)

Submitted: January 22, 2019                    Decided: January 24, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Christopher R. Geel, GEEL LAW FIRM, LLC, Charleston, South Carolina, for Appellant. John David Rowell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clinton Kent French appeals his conviction and sentence for possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012). French pled guilty pursuant to a written plea agreement and was sentenced to a within-Guidelines sentence of 262 months in prison and 5 years of supervised release. On appeal, appellate counsel for French filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the voluntariness of French's guilty plea and the reasonableness of his sentence. French did not file a pro se supplemental brief despite notice of his right to do so. The government filed an unopposed motion to dismiss the appeal as barred by the appellate waiver contained in French's plea agreement. We grant the government's motion.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). We generally will enforce a waiver "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). A defendant's waiver is valid if he "knowingly and intelligently agreed to it." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that French knowingly and voluntarily waived his right to appeal

2

his conviction and sentence, with certain specified exceptions. Thus, we conclude that the waiver is valid and enforceable.

However, even a valid waiver does not waive all appellate claims. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). Moreover, the appellate waiver in French's plea agreement does not waive claims alleging ineffective assistance of counsel or prosecutorial misconduct, nor does it waive claims based on future changes to the law that affect French's sentence.

The claims raised by counsel on appeal clearly fall within the scope of the broad appellate waiver, which the government seeks to enforce. In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal outside the scope of the waiver. We therefore grant the government's motion and dismiss the appeal in part and affirm the criminal judgment in part. We deny without prejudice counsel's motion to withdraw.

This court requires that counsel inform French, in writing, of the right to petition the Supreme Court of the United States for further review. If French requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's

3

motion must state that a copy thereof was served on French. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4